Linda A. Kerns, Esquire (NJ Bar No. 001051999)
LAW OFFICES OF LINDA A. KERNS, LLC
1420 Locust Street – Suite 200
Philadelphia, PA 19102
Tel: (215) 731-1400
Fax: (215) 701-4154
linda@lindakernslaw.com

Maureen Riordan*
Noel H. Johnson*
PUBLIC INTEREST LEGAL FOUNDATION
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
njohnson@PublicInterestLegal.org
mriordan@PublicInterestLegal.org
* *Pro Hac Vice application forthcoming*
Attorneys for Plaintiff Public Interest Legal Foundation

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.,** *Plaintiff*, v. **TAHESHA WAY,** in her official capacity as Secretary of State for the State of New Jersey, *Defendant*. | Civil Case No. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff Public Interest Legal Foundation, Inc. brings this action for declaratory and injunctive relief against Defendant for violations of the Public Disclosure Provision of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i)(1).

1

**PARTY ADDRESSES**

1. The street and post office address for Plaintiff Public Interest Legal Foundation is 32 E. Washington St., Suite 1675, Indianapolis, IN 46205. The street and post office address for Defendant Tahesha Way is 125 West State Street, Trenton, NJ 08625.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. § 20510(b), because the action seeks injunctive and declaratory relief under the NVRA.

3. This Court also has jurisdiction because Plaintiff complied with the NVRA's pre-litigation notice requirements and Defendant failed to cure her violation of law in the time the NVRA affords. *See* 52 U.S.C. § 20510(b)(1)-(2).

4. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1), because the Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

5. The Public Interest Legal Foundation, Inc., ("Foundation") is a non-partisan, 501(c)(3) public interest organization incorporated and based in Indianapolis, Indiana. The Foundation promotes the integrity of elections nationwide through research, education, remedial programs, and litigation. The Foundation regularly utilizes the NVRA's Public Disclosure Provision and state and federal open records laws that require government records be made available to the public. Using records and data compiled through these open records laws, the Foundation analyzes the programs and activities of state and local election officials in order to determine whether lawful efforts are being made to keep voter rolls current and accurate in

accordance with federal and state law, and to determine whether eligible registrants have been improperly removed from voter rolls. The Foundation also uses records and data to produce and disseminate reports, articles, blog and social media posts, and newsletters in order to advance the public education aspect of its organizational mission.

6. Defendant Tahesha Way is the Secretary of State for the State of New Jersey, the chief election official of the state. N.J. Rev. Stat. § 52:16A-98(b). As New Jersey's chief election official, Defendant Way is responsible for coordinating New Jersey's responsibilities under the NVRA. 52 U.S.C. § 20509. Defendant Way is sued in her official capacity only.

## BACKGROUND

*The NVRA*

7. Congress enacted the NVRA, *inter alia*, to "to protect the integrity of the electoral process" and "to ensure that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501(b)(3)-(4).

8. The NVRA provides, in relevant part, "Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters[.]" 52 U.S.C. § 20507(i)(1) (hereafter, the "Public Disclosure Provision").[1]

9. The Public Disclosure Provision "embodies Congress's conviction that Americans who are eligible under law to vote have every right to exercise their franchise, a right that must not be sacrificed to administrative chicanery, oversights, or inefficiencies." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 334-35 (4th Cir. 2012).

---

[1] The records described by the Public Disclosure Provision are commonly referred to as "voter list maintenance records."

10. The Public Disclosure Provision is designed to "ensure that election officials are fulfilling their list maintenance duties" and is "available to any member of the public." *Bellitto v. Snipes*, No. 16-cv-61474, 2018 U.S. Dist. LEXIS 103617, at *12 (S.D. Fla. Mar. 30, 2018). The Public Disclosure Provision "convey[s] Congress's intention that the public should be monitoring the state of the voter rolls and the adequacy of election officials' list maintenance programs. Accordingly, election officials must provide full public access to all records related to their list maintenance activities, including their voter rolls." *Id*. at *12-13.

11. "[T]he [Public] Disclosure Provision contemplates an *indefinite* number of programs *and* activities." *Pub. Interest Legal Found. v. Boockvar*, 431 F. Supp. 3d 553, 560 (M.D. Pa. 2019) (emphasis in original).

12. The Public Disclosure Provision requires disclosure of "records regarding the processes a state implements to ensure the accuracy and currency of voter rolls" as well as records concerning "individual applicant[s]." *Project Vote, Inc. v. Kemp*, 208 F. Supp. 3d 1320, 1341 (N.D. Ga. 2016).

***Defendant is Denying the Foundation Access to Voter List Maintenance Records***

13. On September 21, 2021, the Foundation emailed a letter to the Division of Elections at the New Jersey Secretary of State's office. The letter requested the following records, pursuant to the NVRA's Public Disclosure Provision:

1. Copies of all manuals, guidance, instructions, and other written procedures for identifying, merging, and/or cancelling duplicate voter registration records.

Exhibit A (hereafter, the "Request").

14. The Division of Elections requested five (5) extensions of time to respond to the Foundation's Request.

15. On March 25, 2022—more than six months after the Request was submitted—the Division of Elections denied the Request. Exhibit B (hereafter, the "Denial Letter").

16. The decision to deny the Foundation's Request was based on New Jersey law. The Denial Letter explained,

> Please be advised that the documents you seek relating to the State of New Jersey's election process is deemed confidential because its disclosure would expose critical vulnerability within the State's election process. See N.J.S.A. 47:1A-1.1. … The documents you request detail how the State's election systems function and how to make discrete changes within the systems. If disclosed, this information would create a grave risk to the integrity of New Jersey's election system.

Exhibit B.

17. The Division of Elections claimed to attach to the Denial Letter "the guide to implementing the National Voter Registration Act and the Rutgers Manual to Voting." Exhibit B. Yet neither document was attached.

***The Foundation Notified Defendant that She is Violating the NVRA***

18. On April 4, 2022, the Foundation notified Defendant—New Jersey's chief election official—in writing that she is in violation of the NVRA for failure to permit inspection of voter list maintenance records as required by 52 U.S.C. § 20507(i). Exhibit C at 1 (hereafter, the "Notice Letter").

19. The Foundation sent the Notice Letter to Defendant via email and certified mail through the United States Postal Service.

20. The Foundation made seven attempts to send the Notice Letter via facsimile transmission, but each attempt failed.

21. The Notice Letter further notified Defendant that the requested records fall within the scope of the NVRA's Public Disclosure Provision. Exhibit C at 2.

22. The Notice Letter further notified Defendant that litigation may commence against her if the violation about which she was notified was not cured within 20 days of her receipt of the letter. Exhibit C at 3 (citing 52 U.S.C. § 20510(b)(2)).

23. The Notice Letter explained that the statutory curative period is 20 days because the violation is occurring within 120 days of an election for federal office. Exhibit C at 3 (citing N.J.S.A. 19:2-1; N.J.S.A. 19:23-4 ("The primary election for the general election shall be held for all political parties upon the Tuesday next after the first Monday in June between the hours of 6:00 A.M. and 8:00 P.M., Standard Time."); *see also* New Jersey 2022 Primary Election Timeline, https://www.state.nj.us/state/elections/assets/pdf/chrons/2022-chron-primary-election-0407.pdf (last accessed May 17, 2022).

24. By sending the Notice Letter to Defendant—New Jersey's chief election official—the Foundation complied with the NVRA's pre-litigation notice requirements. *See* 52 U.S.C. § 20510(b)(1)-(2).

25. The Foundation has received no further communication from Defendant or the New Jersey Secretary of State's office.

***Defendant Did Not Cure Her Violation in the Time the NVRA Affords***

26. Defendant received notice of her NVRA violation via email on April 4, 2022.

27. According to the electronic return receipt information provided by USPS, Defendant received notice of her NVRA violation via USPS certified mail on April 9, 2022.

28. The NVRA afforded Defendant 20 days to cure her NVRA violation, 52 U.S.C. § 20510(b)(2), a period that expired on **April 24, 2022** (email), and, at the latest, on **April 29, 2022** (certified mail).

29. Defendant did not cure her NVRA violation within 20 days of her receipt of the Notice Letter, and as of the date of this pleading, has still not cured her NVRA violation. This action is therefore ripe.

*New Jersey Law and Defendant's Actions Are Harming the Foundation*

30. The requested records are records within the scope of the NVRA's Public Disclosure Provision.

31. The Public Disclosure Provision authorizes and entitles the Foundation to inspect and duplicate, or otherwise receive the requested records.

32. Defendant's violations of the NVRA are causing the Foundation to suffer a concrete informational injury because the Foundation does not have records and information to which it is entitled under federal law. *FEC v. Akins*, 524 U.S. 11, 21 (1998) ("[A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute.").

33. By denying the Foundation the ability to obtain the requested voter list maintenance records, Defendant is also impairing the Foundation's ability to, *inter alia*, (1) assess compliance by New Jersey with state and federal voter list maintenance obligations and (2) aid New Jersey in carrying out its voter list maintenance programs and activities.

34. Defendant's violation of the NVRA is thus frustrating, impeding, and harming the Foundation's efforts to carry out its organizational mission and thereby injuring the Foundation.

35. The Foundation intends to request similar records from Defendant in the future.

## COUNT I
### Violation of Section 8(i) of the NVRA, 52 U.S.C. § 20507(i)

36. The Foundation realleges the preceding paragraphs as if fully stated herein.

37. The requested record(s) are in the possession, custody, and control of Defendant.

38. Defendant is denying the Foundation access to records within the scope of the NVRA's Public Disclosure Provision and thereby violating the NVRA's Public Disclosure Provision.

39. N.J.S.A. 47:1A-1.1 and any other New Jersey statute, code, regulation, practice, or policy that conflicts with, overrides, or burdens the NVRA, a federal statute, is preempted and superseded under the Supremacy Clause and the Elections Clause of the Constitution of the United States. *Arizona v. Inter Tribal Council of Arizona*, 570 U.S. 1, 9 (2013). Such preempted laws are invalid and unenforceable.

40. The Foundation is entitled to relief but has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment:

1. Declaring that Defendant is in violation of Section 8(i) of the NVRA for denying the Foundation the opportunity to inspect and copy the requested records.

2. Declaring that Section 8(i) of the NVRA preempts and supersedes N.J.S.A. 47:1A-1.1 and any New Jersey statute, code, regulation, practice, or policy that prevents the Foundation from inspecting and copying the requested records.

3. Ordering Defendant to provide the requested records to the Foundation.

4. Permanently enjoining Defendant from denying similar requests in the future.

5. Ordering Defendant to pay the Foundation's reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(c); and,

6. Granting the Foundation further relief that this Court deems just and proper.

Dated: May 17, 2022.

For the Plaintiff Public Interest Legal Foundation:

        /s/ Linda A. Kerns
Linda A. Kerns, Esquire (NJ Bar No. 001051999)
LAW OFFICES OF LINDA A. KERNS, LLC
1420 Locust Street – Suite 200
Philadelphia, PA 19102
Tel: (215) 731-1400
Fax: (215) 701-4154
linda@lindakernslaw.com

Noel H. Johnson*
Maureen Riordan*
PUBLIC INTEREST LEGAL FOUNDATION
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
njohnson@PublicInterestLegal.org
mriordan@PublicInterestLegal.org
*Pro Hac Vice application forthcoming*

*Attorneys for Plaintiff Public Interest Legal Foundation*